## Hammel v. Hammel

*James R. Huff, II,* for plaintiff.
*T. Dean Lower,* for defendant.

PEOPLES, *P.J.,* May 22, 1983 — Before the court for disposition in the above-captioned matter is the plaintiff's petition for bifurcation of trial and the answer of defendant filed in opposition thereto. The instant petition was preceded by a motion for final decree presented by counsel for plaintiff on or about November 10, 1982. That motion was denied by order of this court dated November 15, 1982, following receipt of oral argument by the attorneys for the parties.

The original complaint in divorce in this matter was filed on or about September 8, 1979. From the inception of the action defendant has been represented by legal counsel. In August, 1982, plaintiff filed an amended complaint thereby bringing the action under the purview of the Divorce Reform Code of 1980.

On or about August 17, 1982, plaintiff filed an affidavit in accord with Pa. R.C.P. 1920.72C, containing allegations that the marriage of the parties was irretrievably broken and that the parties have been living separate and apart for a period in excess of three years. Service of a copy of that affidavit was apparently properly accomplished upon defendant through his legal counsel. At no time since the amended complaint was filed has defendant filed any pleading in which he denies that the marriage is irretrievably broken or that the parties have been living separate and apart for a period in excess of three years. By petition of August 26, 1982, defendant specifically requested that pursuant to the provisions of Section 401(d), 23 P.S. §401(d), that the court determine and dispose of property rights and interests of the parties.

Counsel for plaintiff and counsel for defendant have each filed with this court a brief in support of their respective positions regarding the petition for bifurcation now under consideration. Counsel likewise stipulated that disposition of that petition is to be made by this court on the basis of the briefs without oral argument. We have carefully reviewed those briefs and studied the sections of the Code, supra, and the decisions cited therein and we are now prepared to make disposition of the petition.

Although not controlling upon this court, we find the rationale of the Judges of the Court of Common Pleas of Allegheny County most persuasive in the cases of Casey v. Casey, 129 P.L.J. 42 (1981), and Klein v. Klein, 129 P.L.J. 241 (1981). In both of those cases the court was concerned with the entitlement of one of the parties in a divorce action to obtain a final decree dissolving the marriage prior to the litigation and determination of other affiliated issues such as counsel fees, costs, equitable distribution and alimony. In both Casey, supra, and Klein, supra, two different judges in that court concluded that to conclude that no dissolution of the marriage might occur until all other issues in litigation had been resolved would serve to defeat the legislative intent of the General Assembly in its efforts to reform the divorce law of the Commonwealth. The pleadings in this case lead this court to the same conclusion.

Counsel for defendant argues that Section 401(b) of the Divorce Reform Code of 1980, 23 P.S. §401(b), prohibits this court from granting a decree in divorce prior to the conduct of a "full hearing" on all issues raised by either of the parties. He further contends that counsel for plaintiff is in error in urging that the provisions of Pa. R.C.P. 1920.52(c) entitles his client to the issuance of a final decree dis-

solving the marriage prior to such a "full hearing". Counsel for defendant contends that the matter of a hearing is substantive and not procedural in nature and that, therefore, the aforementioned rule of procedure cannot have the effect of superseding the statutory provisions of the Code, supra, i.e., Section 401(b), supra. Similar arguments were rejected by the Allegheny Court and this court, likewise, rejects that contention. This court concludes as did the court in Casey, supra, that the question here involved is one of procedure and not one regarding substantive rights. Thus, in promulgating Pa.R.C.P. 1920.52(c), the Supreme Court of Pennsylvania rightfully exercised the authority conferred upon it by Article V, Section 10(c) of the Pennsylvania Constitution which provides that:

"The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, . . . if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace, or suspend or alter any statute of limitation or repose. *All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions.*" (Emphasis ours.)

A statute prevails over a rule of procedure only in such instances in which the rule attempts to deal with substantive rights. Such is not the case here and, therefore, defendant's argument in this regard in this case fails.

In pertinent part, Pa.R.C.P. 1920.52(c) provides that "The court need not determine all claims at one time but may enter a decree adjudicating a specific claim or claims." It is clear that this procedural pro-

vision permits and authorizes the action which plaintiff requests that this court take. The Divorce Reform Code of 1980, supra, Sections 102(a)(1), (3), and (4) stipulate the objectives of the legislature in its enactment of the statute:

"(a) The family is the basic unit in society and the protection and preservation of the family is of paramount public concern. Therefore, it is hereby declared to be the policy of the Commonwealth of Pennsylvania to:

(1) Make the law for legal dissolution of marriage effective for dealing with the realities of matrimonial experience.

(3) Give primary consideration to the welfare of the family rather than the vindication of private rights or the punishment of matrimonial wrongs.

(4) Mitigate the harm to the spouses and their children caused by the legal dissolution of the marriage."

To deny plaintiff's request here until all related issues have been litigated and resolved would be to work a total contradiction of the expressed intent of the General Assembly. To date, neither of the parties to this action has requested the appointment of a master and, thus, it is concluded that defendant has been in no hurry to seek a resolution of the related matter about which he now complains. To accept defendant's contentions regarding the present petition for bifurcation would afford to him leverage over plaintiff regarding the related matters and the opportunity to control the procedural course of the entire body of litigation not envisioned by the legislature.

Parenthetically, it is noted that during oral argument counsel for defendant insisted that plaintiff should not receive a final decree in divorce until she had totally borne the burden of going forward with

all necessary litigation for the resolution of the various other interests which defendant seeks. In our view both the code, supra, and the Rules of Civil Procedure afford to defendant the same opportunity as that given to plaintiff to initiate litigation relative to those related issues. Neither the code, supra, nor the Rules of Civil Procedure appear to this court to impose upon plaintiff the burden which defendant contends she has. Counsel for defendant has furnished no argument in his brief to this effect, nor has he cited any authority on the subject. In the view of this court the question of who is to bear the burden of proceeding with such litigation is immaterial and irrelevant in this proceeding.

We note in defendant's brief the comment that "This case really involves the determination by the court of the policy and the procedure which it will follow in this and many other similar cases where the same issue to going to be presented . . . . the decision in this case shall be controlling in all cases hereafter where the same issue is going to be involved." Such is simply not the case for as counsel for defendant obviously realizes the decision by this judge is no way controlling upon decisions to be made by any other judge of this court. Furthermore, we have previously said and we repeat that the decision rendered in this case results solely from the factual and procedural circumstances attendant to it.

Fully realizing that the order which follows hereafter might be regarded as inconsistent with the order previously entered by this court on November 15, 1982, we state that the earlier order refusing plaintiff's motion for final decree resulted from this court's conclusion that plaintiff's request should have been presented in the form of a petition for bifurcated decree. Further, we specifically state that

since the date of entry of the earlier order, we have given extended study to the entire question involved here and concluded that the comment of the California Supreme Court in Hall v. Superior Court, 352 P.2d 161, 5 Cal. Rptr. 1, (1960), is a statement of public policy consistent with the intent of the General Assembly of this Commonwealth in its passage of the Code, supra:

"Severance of a personal relationship which the law has found to be unworkable and, as a result, injurious to the public welfare is not dependent upon final settlement of property disputes. Society will be little concerned if the parties engage in property litigation of however long duration; it will be much concerned if two people are forced to remain legally bound to one another when this status can do nothing but engender additional bitterness and unhappiness."

For all of the foregoing reasons, this court believes the following appropriate

### ORDER

Now, this May 22, 1983, it is hereby ordered, directed and decreed that the prayer of plaintiff's petition for bifurcation of trial is granted and counsel for plaintiff is directed to present to this court a suggested final decree providing the dissolution of the marriage and preserving the jurisdiction of this court over all remaining issues properly pleaded by either of the parties prior to the entry of said final decree.